## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 08-61935-CIV-MORENO/TORRES

SHAKER VILLAGE CONDOMINIUM
ASSOCIATION, INC.,

       Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, SUBSCRIBING TO CERTIFICATE
OF INSURANCE NO.: CRC-14411,

       Defendant.

_____/

### REPORT AND RECOMMENDATION ON ATTORNEYS' FEES

This matter is before the Court upon an Order of Referral from the Honorable
Federico Moreno to determine the amount of reasonable attorneys' fees incurred by
Defendant Lloyd's of London ("Lloyd's") in defending the initial action filed in the
Circuit Court in and for Broward County, Florida.  After considering the motion, the
parties' memoranda, and the supporting exhibits filed in connection with this matter,
the Court recommends that Lloyd's be awarded $8,124.00 in reasonable attorneys' fees
incurred in connection with defending the initial state court action.

### I.  BACKGROUND

Plaintiff filed its initial claim in the Circuit Court in Broward County, Florida
on November 2, 2006, alleging three separate causes of action: (1) breach of insurance
contract for failure to provide adequate benefits for alleged hurricane damage; (2)

declaratory relief; and (3) negligent supervision/hiring.  After the filing of several pre-trial motions, the Circuit Court referred the parties to non-binding arbitration under that Court's administrative orders.

The arbitration commenced on April 17, 2008.  The parties suspended the hearing prior to its completion in the interest of pursuing settlement discussions.  The parties, however, failed to reach a settlement of the action.  At that point, rather than resuming and completing the arbitration process, Plaintiff voluntarily dismissed the state action against Lloyd's.  Plaintiff then filed this lawsuit in the Southern District of Florida alleging four causes of action: (1) Declaratory Judgment; (2) Breach of Insurance Contract - Actual Cost Value; (3) Breach of Insurance Contract - Replacement Cost Value; and (4) Breach of Implied Warranty of Good Faith and Fair Dealing, all arising from the same insurance claim at issue in the state court action.

Lloyd's in response filed this Motion for Fees and Costs [D.E. 8] to recover the attorneys' fees and costs incurred in the dismissed state court action, and to stay the second filed action until payment for these costs was received.  Judge Moreno granted Lloyd's Motion for fees and costs, awarding $19,888.48 in costs, but referring the matter to the undersigned for calculation of the attorneys' fees portion of the award. [D.E. 29].

With respect to that calculation, Lloyd's claims entitlement to $33,795.25 in attorneys' fees that should be reimbursed pursuant to Judge Moreno's Order.  Plaintiff responded with the primary argument that no supporting materials were filed together with the motion for fees, contrary to S.D. Fla. Local R. 7.3, despite Plaintiff's requests for such materials.  Plaintiff secondarily argued that any award of fees to Lloyd's must

relate only to those fees incurred in the state court litigation that are not useful in the continued litigation pending in federal court.

Upon this Court's review of the record, the Court ordered Lloyd's to supply all supporting documentation necessary for the Court to review the application for fees in this matter. Such materials had not been filed originally allegedly based on work product or attorney-client communications that may be included in those materials. The Court, nevertheless, ordered that all non-privileged materials be filed, with redactions if necessary. [D.E. 32].

Lloyd's fully complied with that Order and provided a supplemental filing and affidavit setting forth in detail the time records supporting the fee application. [D.E. 33, 34]. The filing of these materials fully addresses Plaintiff's first argument against an award of fees under the Court's Local Rules. Indeed, the Court's review of the supplemental materials reveals that the Court has sufficient information with which to assess the appropriate amount of fees to award.

The only remaining issue, therefore, is Plaintiff's alternative argument that any fees awarded should be limited to those fees incurred in the state court action that is no longer useful to Lloyd's in this action. Upon detailed review of this issue, the Court enters this Report and Recommendation.

## II.   ANALYSIS

Federal Rule of Civil Procedure 41 provides that:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action;  and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

This Court thus has discretion under Rule 41(d) to award fees and costs where the original action was filed and dismissed in state court, only to be refiled at a later date in federal court. *E.g., Cadle Co. v. Beury*, 242 F.R.D. 695 (S.D. Ga. 2007). It is appropriate to award attorneys' fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith. *Wishneski v. Old Republic Ins. Co.*, 2006 WL 4764424, at *4 (M.D.Fla. 2006). Although the Rule explicitly uses the term "costs," it is reasonable to construe the Rule to include recovery of attorneys' fees. *Cadle Co.*, 242 F.R.D. at 697.

The factors to consider in determining the appropriate amount of fees to award include: (1) the costs incurred by the moving party on dispositive motions; (2) the preclusive effect of the moving party's successes in state court, if any, on matters both dispositive and non-dispositive, that may have been eliminated by the non-moving party's non-suit; and (3) the expense of relitigating issues that might be mitigated by recyclable legal work from the original case in state court. *Id.* at 700. Other factors that have been cited as relevant to this type of analysis is the amount of time the

previous case was litigated before dismissal and the relative evidence of "bad faith" or "abuse of the judicial process." *Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys., Inc.*, 2009 WL 1423931, at *2 (S.D. Fla. 2009) (citing *Pafumi v. Davidson*, 2008 WL 4084418 (S.D. Fla. 2008)).

Judge Moreno's Order of May 22, 2009 [D.E. 29] clearly determined that some award of attorneys' fees was appropriate. The issue referred to this Court is what the amount of such an award should be.

For any fee determination, the Eleventh Circuit has adopted the lodestar method for arriving at a reasonable fee award. The lodestar method consists of determining the reasonable hourly rate and multiplying that number by the number of hours reasonably expended by counsel. *E.g., Norman v. Housing Authority of Montgomery,* 836 F. 2d 1292, 1299 (11th Cir. 1988); *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).

In this case, this Court finds that Defendant's submitted rates are reasonable and are well within the range of customary rates for persons of similar skill and experience in South Florida. In calculating the appropriate award, the Court has used averaged rates for Mr. Berk and Mr. Betar due to a change in hourly rate over the course of litigation. Such rates are reasonable for purposes of this fee award.

Therefore, the only remaining issue is the amount of hours reasonably expended by Defendant's counsel, compensable according to the analysis above. It is clear from the record that this case was litigated in state court for over two years before Plaintiff voluntarily dismissed the case, causing both parties to incur significant amounts of

attorneys' fees.  Additionally, although Lloyd's did not and need not present concrete evidence of bad faith to recover fees under Rule 41, it is clear from the record that Plaintiff voluntarily dismissed the claim in Broward County with full intention of filing the same claim in the Southern District of Florida without delay, which on its face presents some material degree of prejudice to Lloyd's.  Furthermore, because of Plaintiff's original venue choice, Lloyd's was forced to incur fees for arbitration, a cost that would not have been incurred had the case originally been filed in the Southern District of Florida.  These factors must be taken into account and certainly support an award of reasonable fees incurred due to those circumstances.

On the other hand, the majority of fees reflected in the attorney billing statements submitted for the Court's consideration are for legal work that is clearly "recyclable" and is, therefore, not compensable.  *Cadle Co.*, 242 F.R.D. at 700.  It is well settled that an award of fees for purposes of Rule 41 in these circumstances should not award such fees when the work involved will prove necessary for the ultimate resolution of the second-filed action.  *See also Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993) (a defendant is only entitled to recover, as a condition of dismissal under Rule 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties); *McLaughlin v. Cheshire,* 676 F.2d 855, 857 (D.C. Cir. 1982) (same); *Cauley v. v Wilson,* 754 F.2d 769, 773 (7th Cir. 1985) (same); *Zucker v. Katz,* 1990 WL 20171, at *2 (S.D.N.Y. 1990) ("Costs for work product which can be used in a subsequent litigation is not recoverable under Rule 41(d)."); *Simeone v. First Bank Nat'l Ass'n,* 125 F.R.D. 150, 155 (D. Minn. 1989) ("A defendant making a motion for an

award of costs pursuant to Rule 41(d) is not entitled to reimbursement for expenses incurred in preparing work product that will be useful in the continuing litigation.").

This Court, therefore, finds that Defendant is entitled to recover attorneys' fees associated with the arbitration proceedings in state court, as well as preparation of Defendant's Motion to Dismiss in the previous action.  All other fees, such as those for the unsuccessful mediation, pretrial discovery, and general case strategy, would most assuredly have been incurred in this action as well and the work performed can presumably be recycled in this case with little or no additions.   No persuasive argument has been presented by Lloyd's for why any such fees should be awarded for the state court action even though the work incurred will be useful here.  And the bulk of the $34,000 in fees requested by Lloyd's motion represent work for these recyclable items that are not compensable on a Rule 41 motion.

Thus, the Court will recommend that the Court award Defendant the following attorneys' fees:

| Attorney | Hours | Hourly Rate | Total |
|----------|-------|-------------|-------|
| William Berk | 7.9 | $180.00 | $1,422.00 |
| Patrick Betar | 41 | $147.50 | $6,047.50 |
| Jason Roberts | 5.1 | $95.00 | $   484.50 |
| **Total:** | **54** | | **$7,954.00** |

This amount represents a substantial fee award that is reasonable under Rule 41 given the legal work performed in the state court action that has little value in this second-filed action.  The legal work for which compensation is being granted will have

to be fully redone if this case goes to trial.  Unlike general discovery, for instance, which can be useful in this action, the fees incurred in the preparation and presentation of Lloyd's case at the arbitration cannot simply be recycled.  Rule 41(d) fees are thus appropriate for that work.

Accordingly, based on a thorough review of Defendant's Motion for Attorneys' Fees and Costs **[D.E. 8]**, we hereby **RECOMMEND** the following:

1.     Plaintiff Shaker Village be ordered to pay applicable attorney's fees in the amount of $7,954.00.

2.     The Court should continue the stay currently in place until such time as Plaintiff complies with the Court's fee order.

3.     Pursuant to S.D.Fla.Mag.J.R.4(b), the parties have ten business days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any finding in this Report and Recommendation and bar the parties from attacking on appeal the findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE** and **SUBMITTED** in Chambers, Miami, Florida this 10th day of August, 2009.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge